T.C. Summary Opinion 2004-112


UNITED STATES TAX COURT


ALEXANDER FIRSOW AND CAMILLA THOMAS-FIRSOW, a.k.a. CAMILLA
THOMAS, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13284-02S.              Filed August 24, 2004.


    James D. McCarthy, Jr., for petitioners.

    Bradley C. Plovan, for respondent.


    PANUTHOS, Chief Special Trial Judge:  This case was heard
pursuant to the provisions of section 7463 of the Internal
Revenue Code in effect at the time the petition was filed.  The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the years in issue, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies and penalties in petitioners' 1999 and 2000 Federal income taxes as follows:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 1999 | $4,886 | $977.20 |
| 2000 | 5,642 | 1,128.40 |

The issues for decision are: (1) Whether the passive activity rules of section 469 preclude petitioners from deducting the full amounts of losses from their rental real estate activities for the 1999 and 2000 taxable years, and (2) whether petitioners are liable for accuracy-related penalties for the 1999 and 2000 taxable years pursuant to section 6662(a).

Background

Some of the facts have been stipulated, and they are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time their petition was filed, petitioners resided in Abingdon, Maryland.

During the years in issue, petitioners were employees of Ashley, Inc., which is located in Havre de Grace, Maryland. Petitioner Camilla Thomas-Firsow worked full time as an employee, whereas petitioner Alexander Firsow (petitioner) worked 32 hours per week. In addition to being an employee of Ashley, Inc., petitioner also operated a horse racing business.

Also during the years in issue, petitioners owned two rental properties. One was located at 309 Rowland Drive, Port Deposit,

Maryland (Port Deposit property).  The other was located at 2539 Harbor Lane, Sanibel, Florida (Sanibel property).

The Sanibel property was rented for approximately 1 month during 1999 and for approximately 3 weeks during 2000.  The Port Deposit property was rented throughout 1999 and 2000. Petitioners spent no more than 2 weeks per year at the Sanibel property, performing maintenance work, but also fishing off the pier.

Petitioners filed joint Federal income tax returns for the 1999 and 2000 taxable years.  For 1999, petitioners reported on their Schedule E, Supplemental Income and Loss, a loss of $25,712 from rental real estate for the Port Deposit property and the Sanibel property.  For 2000, petitioners reported a loss on Schedule E of $29,493 for the same properties.

For each of the taxable years, the Schedule E filed by petitioners contained the following cautionary language: "Caution:  Your rental real estate loss * * * may be limited. See page E-3 to find out if you must file Form 8582.  Real estate professionals must complete line 42 on page 2."  Despite this language, petitioners left blank line 42 of Schedule E, dealing with "Reconciliation for Real Estate Professionals".  Moreover, petitioners did not file a Form 8582, Passive Activity Loss Limitations, with either of their joint returns for 1999 and 2000.

On July 9, 2003, in response to an examination of their returns, petitioners provided respondent a document entitled "Election to Aggregate Activities" for the Port Deposit property, Sanibel property, and other properties. This election was not filed with petitioners' joint returns for 1999 and 2000.

Respondent contends that petitioners are not entitled to deduct the full amounts of losses associated with their rental activity because of passive activity loss limitations under section 469.[1] Respondent further contends that petitioners are liable for accuracy-related penalties under section 6662(a) due to negligence or disregard of the rules or regulations.

Discussion

Whether losses attributable to rental real estate activities are deductible in full depends upon the classification of such activities. In general, a rental activity is a "passive activity," even if the taxpayer "materially participates" in such activity. Sec. 469(c)(2), (4). The deductible amount of aggregate losses from a rental activity for the taxable year is thus limited to the aggregate income from all passive activities for the corresponding year. The excess, if any, of the losses over the income is a "passive activity loss". Sec. 469(d)(1). The passive activity loss is then disallowed as a deduction to

---

[1] Respondent does not contest the amount of the reported losses, but instead contests the extent to which petitioners are entitled to deduct such losses.

the extent that the taxpayer did not "actively participate" in the rental real estate activity.  Sec. 469(a)(1), (i)(1).  In the present case, respondent determined that petitioners actively participated in their rental activity and thus are entitled to deduct some, but not all, of their passive activity losses, subject to the limitations under section 469(i).

Petitioners, however, classify their rental activity differently.  They contend that, during the taxable years in issue, they were in the "real property trade or business" as that term is defined under section 469(c)(7).  If they were, then the passive activity loss limitations of section 469 would not apply, and petitioners would be entitled to deduct the full amount of their losses for each year.  See sec. 469(c)(7)(A)(i).

Deductions are a matter of legislative grace, and generally the taxpayer bears the burden of proving entitlement to any deduction claimed.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  The burden of proof has not shifted to respondent pursuant to section 7491(a).  While examination of the tax returns in issue commenced after July 22, 1998, neither of the parties has addressed the applicability of section 7491(a).  Petitioners have not offered any evidence that they satisfied any of the criteria of section 7491(a)(2)(A) and (B).  Accordingly, we conclude that the burden remains on petitioners to prove that they were in the real property trade or business and that their

rental real estate activity is not a passive activity for the 1999 and 2000 taxable years.

The term "real property trade or business" means any real property development, redevelopment, construction, reconstruction, acquisition, conversion, rental, operation, management, leasing, or brokerage trade or business.  Sec. 469(c)(7)(C).  A taxpayer may elect to treat all interests in rental real estate as one activity.  Sec. 469(c)(7)(A); sec. 1.469-9(g)(1), Income Tax Regs.  Such election is made by filing a statement with the taxpayer's original income tax return for the taxable year.  Sec. 1.469-9(g)(3), Income Tax Regs.

To qualify for the election, the taxpayer must satisfy two requirements.  First, more than one-half of the personal services performed in trades or businesses by the taxpayer during such taxable year must be performed in real property trades or businesses in which the taxpayer materially participates.  Sec. 469(c)(7)(B)(i).  Second, such taxpayer must perform more than 750 hours of services during the taxable year in real property trades or businesses in which the taxpayer materially participates.  Sec. 469(c)(7)(B)(ii).  In the case of a joint return, both requirements must be satisfied by the same spouse. Sec. 469(c)(7)(B).

Under both requirements, a taxpayer must materially participate in a real property trade or business in order for the

personal services provided by the taxpayer in that real property trade or business to count. See sec. 469(c)(7)(B); sec. 1.469-9(c)(3), Income Tax Regs. A taxpayer is treated as materially participating in an activity only if the taxpayer is involved in the operations of the activity on a basis which is regular, continuous, and substantial. Sec. 469(h)(1). In determining whether a taxpayer materially participates, the participation of the taxpayer's spouse is taken into account. Sec. 469(h)(5). The temporary Treasury regulations promulgated under section 469 provide:

> The extent of an individual's participation in an activity may be established by any reasonable means. Contemporaneous daily time reports, logs, or similar documents are not required if the extent of such participation may be established by other reasonable means. Reasonable means for purposes of this paragraph may include but are not limited to the identification of services performed over a period of time and the approximate number of hours spent performing such services during such period, based on appointment books, calendars, or narrative summaries.

Sec. 1.469-5T(f)(4), Temporary Income Tax Regs., 53 Fed. Reg. 5727 (Feb. 25, 1988); see also sec. 1.469-9(b)(5), Income Tax Regs. This Court has acknowledged that these temporary regulations are somewhat ambivalent concerning the records to be maintained by taxpayers, but we have held that the regulations do not allow a post-event "ballpark guesstimate". Fowler v. Commissioner, T.C. Memo. 2002-223; Goshorn v. Commissioner, T.C. Memo. 1993-578.

To establish the amount of time petitioners spent on their rental real estate activities in the present case, petitioners introduced a spreadsheet and a daily work log summarizing the work activities they performed on a daily basis for the Sanibel property and Port Deposit Property. The daily work log was not prepared contemporaneously as petitioners performed each activity, but it was composed by petitioners in preparation for an examination of their returns by respondent. The spreadsheet lists the following hours spent by petitioners at their rental properties:

| Year | Port Deposit property | Sanibel property | Total |
|------|----------------------|------------------|-------|
| 1999 | 283 | 606 | 889 |
| 2000 | 311 | 494 | 805 |

Petitioner testified that he worked 12 hours per day whenever he was at the Sanibel property. The spreadsheet also lists petitioners' time spent rendering personal services for their own residence and for the properties owned by petitioner's parents.

Petitioners have not met their burden of proving that they were in the real property trade or business and that their rental real estate activity is not a passive activity for the 1999 and 2000 taxable years. While petitioners did not file their election to aggregate activities with their joint returns for 1999 and 2000, we need not decide whether we should look at the total number of hours during each of these taxable years such that petitioners spent 889 hours in 1999 and 805 hours in 2000.

We find that their testimony, the spreadsheet, and the daily work logs were not credible. Petitioners were employees of Ashley, Inc., where she worked full time and he worked 32 hours a week. In addition to his employment at Ashley, Inc., petitioner also operated a horse racing business. Petitioners testified, and the spreadsheet indicates, that they spent a fair amount of time rendering personal services for their own residence and for the properties owned by petitioner's parents. Even if we were to accept as true petitioner's testimony that he worked 12 hours per day at the Sanibel property (above and beyond his time fishing off the pier), petitioners spent no more than 2 weeks per year there. While petitioners have spent some time performing personal services at their rental properties, we conclude that such time falls short of the "more than 750 hours of services" required under section 469(c)(7). Accordingly, we sustain respondent's determination regarding this issue.

The final issue is whether petitioners are liable for accuracy-related penalties under section 6662(a) for the 1999 and 2000 taxable years. An accuracy-related penalty "applies to any portion of an underpayment of tax required to be shown on a return" where such portion is attributable to negligence or disregard of rules or regulations. Sec. 6662(a) and (b)(1). The term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue

Code.  Sec. 6662(c).  The term "disregard" includes any careless,
reckless, or intentional disregard.  Id.  Respondent has the
burden of production with respect to the accuracy-related
penalties.  See sec. 7491(c).

The courts have refined the Code definition of negligence as
a lack of due care or failure to do what a reasonable and prudent
person would do under similar circumstances.  Allen v.
Commissioner, 925 F.2d 348, 353 (9th Cir. 1991), affg. 92 T.C. 1
(1989).  Treasury regulations further provide that negligence
includes any failure to exercise ordinary and reasonable care in
the preparation of a tax return, failure to keep books and
records, or failure to substantiate items properly.  Sec.
1.6662-3(b)(1), Income Tax Regs.  A return position that has a
"reasonable basis" as defined in the regulation is not
attributable to negligence.  Id.

An exception to the section 6662 penalty applies when the
taxpayer demonstrates:  (1) There was reasonable cause for the
underpayment, and (2) the taxpayer acted in good faith with
respect to the underpayment.  Sec. 6664(c).[2]  Whether the
taxpayer acted with reasonable cause and in good faith is
determined by the relevant facts and circumstances on a
case-by-case basis.  See Stubblefield v. Commissioner, T.C. Memo.

---

[2]  This section may provide relief even if a return position
does not satisfy the reasonable basis standard.  Sec. 1.6662-
3(b)(3), Income Tax Regs.

1996-537; sec. 1.6664-4(b)(1), Income Tax Regs. "Circumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of all the facts and circumstances, including the experience, knowledge, and education of the taxpayer." Sec. 1.6664-4(b)(1), Income Tax Regs. A taxpayer is not subject to the addition to tax for negligence where the taxpayer makes honest mistakes in complex matters, but the taxpayer must take reasonable steps to determine the law and to comply with it. Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992). The most important factor is the extent of the taxpayer's effort to assess the proper tax liability. Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent has met his burden of production with respect to the accuracy-related penalties under section 6662(a). The returns filed by petitioners contained cautionary language that they failed to heed. Petitioners did not maintain records for their rental real estate activity, but produced the spreadsheet and daily work log only in response to an examination of their returns by respondent. Based upon these facts and circumstances, we find that petitioners did not take reasonable steps to determine the law and to comply with it. Moreover, petitioners have failed to demonstrate that there was reasonable cause and that they acted in good faith. Accordingly, we sustain

respondent's determination with respect to the accuracy-related penalties under section 6662(a).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.